IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYED M. SHAH, an individual, | ) | |
| Plaintiff, | ) | 12 CV 06845 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| LITTELFUSE, INC., a Delaware Corporation, and | ) | |
| DIGITAL INTELLIGENCE SYSTEMS CORP., | ) | |
| a Virginia Corporation, | ) | |
| Defendants. | ) | |

**DIGITAL INTELLIGENCE SYSTEMS CORP.'S
MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Digital Intelligence Systems Corp. ("DISYS") hereby moves to dismiss Counts IV through VI of the Second Amended Complaint ("SAC") of Syed M. Shah pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Shah's complaint asserts violations of 42 U.S.C. §2000e, et seq., and 42 U.S.C. §1981. Plaintiff has twice responded to DISYS' motions to dismiss by seeking leave to amend rather than responding to the motion. However, Plaintiff's amendments have not cured the defects in the complaints, thus necessitating this third motion to dismiss.

The only substantive change in the SAC was to add a new paragraph alleging in a conclusory manner that Littlefuse and DISYS were "joint employers" (SAC, ¶16). Plaintiff also slightly modified the next paragraph (SAC, ¶17) to state that he began working "for Defendants" rather than working "for Littlefuse," as previously alleged (see FAC, ¶16).

The SAC still fails to state a claim for the following reasons:

1) It fails to plausibly allege that DISYS is a joint employer for Title VII purposes;

2) Even if it adequately alleged that DISYS was a joint employer, if fails to allege any conduct by DISYS that would subject it to liability; and

3) It fails to allege any discriminatory acts by DISYS under 42 U.S.C. §1981.

Because Plaintiff has failed after three opportunities to state a claim against DISYS, the claims against DISYS should be dismissed with prejudice.

## BACKGROUND

DISYS is a certified IT staffing and consulting company. It placed the Plaintiff, Mr. Shah, as an IT consultant with the Co-Defendant, Littelfuse. In the SAC, Plaintiff alleges that Littlefuse is an "employer" within the meaning of Title VII (¶12), but makes no allegation that DISYS is an "employer." Rather, Shah alleges that DISYS is an "employment agency" under 42 U.S.C. §2000e(c) (¶15). Plaintiff then alleges in ¶16 that DISYS and Littlefuse are joint employers, but he includes no facts whatsoever to support that conclusory allegation.

From that point on, there are scant allegations of any facts relating to conduct by DISYS. Most of the allegations point to conduct by employees of Littlefuse. (See ¶¶18-24; 30-35). There is no allegation that any employee of DISYS engaged in harassment. There is no allegation that DISYS exercised any control over Littlefuse's employees or over Plaintiff's work at Littlefuse.

In paragraphs 25 and 26, Plaintiff alleges that in October 2010, McFeggan [a Director at Littelfuse] contacted Eric Treida, DISYS' branch manager, to advise him of Plaintiff's "complaints of harassment" and that "In October 2010, Plaintiff emailed Jason Wasikowski, his contacting agent at DISYS, concerning Niedner's harassment." The SAC alleges that following the conversations with Littelfuse and DISYS, Plaintiff was advised by both DISYS and Littlefuse

2

that the harassment would end. (¶¶29). In February 2011, Jason Wasikowski of DISYS informed Plaintiff that he was being denied a raise by Littlefuse. (¶¶31). Lastly, Plaintiff alleges in conclusory fashion that DISYS "acted negligently by failing to take appropriate steps to ameliorate the situation." (¶¶75, 87, 99). That is the entire substance of the allegations about DISYS. The rest is boilerplate. (¶¶73-108).

## ARGUMENT

The SAC is deficient because it does not state facts sufficient to state a plausible claim that DISYS, as an IT staffing and placement company, violated Title VII. A complaint must allege more than mere legal conclusions and conclusory allegations in order to be sufficient under the pleading standards announced by the Supreme Court in *Iqbal* and *Twombley*. *McCauley v. City of Chicago*, 671 F.3rd 611, 615-617 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (S. Ct. 2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (S. Ct. 2007).

In the *McCauley* case, the 7th Circuit Court affirmed the District Court's dismissal of an equal protection case because the Plaintiff failed to allege facts sufficient under *Iqbal* or *Twombley* to lend credence or plausibility to the bare allegations made in the complaint. *McCauley*, 671 F.3rd at 615-618 (7th Cir. 2010). It disregarded all legal conclusions which were setting forth the legal elements of the cause of action, and not actually providing facts. Id. at 617-618.

I.   **Shah Has Failed to Allege an Employment Relationship with DISYS**

Plaintiff alleges that DISYS is an "employment agency" as defined in 42 U.S.C. §2000e(c).[1] He does not allege that DISYS is an "employer" under §2000e(b).[2] As the statutory language in the footnotes shows, an "employer" and an "employment agency" are distinct concepts.[3] Lacking any allegation that Plaintiff had any actual direct employment relationship with DISYS, the SAC added a conclusory allegation that DISYS is a joint employer with Littlefuse. (¶16). Thus, the only potential basis of liability for DISYS under Title VII would be if Shah has pleaded facts demonstrating that DISYS could plausibly be a joint employer.

The single paragraph making the "joint employer" allegation contains no facts. Plaintiff provides no basis whatsoever for the claim that DISYS and Littlefuse were joint employers or that DISYS was anything other than an "employment agency" as Shah alleges in ¶15. Despite having three opportunities to do so, there are no allegations of facts plausibly showing that DISYS had any control over Shah's working conditions, assignments, evaluations, or promotions. Shah does not claim that DISYS exercised any authority over Shah's co-workers, supervisors, or other Littlefuse employees. The absence of any factual allegations showing that

---

[1] Title VII defines "employment agency" as "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person."

[2] Title VII defines "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person ...."

[3] Title VII distinguishes between unlawful "employer" acts in §2000e-2(a)(1) and unlawful "employment agency" practices in §2000e-2(b). Most courts addressing this distinction have held that unlawful employment agency practices are narrower in that they address discrimination only in making or failing to make employment referrals. See *Koger v. Allegheny Intermediate Unit*, 2012 WL 603565 (W.D. Pa. 2012); *Kellam v. Snelling*, 866 F. Supp. 812, 816-17 (D. Del. 1994); *Williams v. Caruso*, 966 F. Supp. 287, 296-97 (D. Del. 1997); cf., *Wilborn v. Southern Union State*, 720 F. Supp. 2d 1274, 1293 (M.D. Ala. 2010). Here Shah has not alleged that DISYS has engaged in any unlawful employment agency practices relating to his referral to Littlefuse.

4

DISYS exerted control over Shah's work at Littlefuse is a fatal to his claim that DISYS was a joint employer. It is well settled that a "joint employer relationship may exist between a temporary service agency and its client only where the 'two employers exert significant control over the same employees.'" *Wilcox v. Allstate Corp.*, 2012 WL 6569729 (N.D. Ill. 2012), quoting *NLRB v. Western Temporary Services, Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987). See also *Clifford v Patterson Companies, Inc.*, 2009 WL 3852447 (N.D. Ill. 2009) which relied on *Western Temporary Services* in finding no joint employer status where the plaintiff did not demonstrate that defendant "exercised any control over [plaintiff's] daily activities or workload." In *Medina v. Adecco*, 561 F. Supp. 2d 162, 177 (D.P.R. 2008), the court held that an employment agency could not be considered plaintiff's joint employer, stating that to qualify as a joint employer for Title VII purposes, "an entity must exercise significant control over terms and conditions of an individual's employment."

Plaintiff has made no allegations that DISYS had authority or control over Shah's day-to-day working conditions. Nor is there any allegation that would plausibly suggest that DISYS had the right or authority to take any corrective measures concerning conduct allegedly engaged in by Littlefuse employees. As a staffing company, DISYS was in no position to take such measures. As the court recognized in *Watson v. Adecco Employment Services, Inc.*, 252 F. Sup. 2d 1347, 1357-58 (M.D. Fla. 2003), "the corrective measures available to Adecco [an employment agency] are limited, for Adecco, a private company, cannot force its client, another private company, not to discriminate or run its business in a certain manner."

In short, nothing in the SAC makes a plausible claim that DISYS was a joint employer. Numerous cases have recognized that employment agencies or other entities cannot be considered joint employers under Title VII if they did not control the manner and means of the

5

employee's work. See, e.g., *Watson v. Adecco*, *supra*, 252 F. Supp. 2d 1347 at 1355-56 ("Even under a broad definition of 'employer,' a temporary agency such as Adecco cannot be considered a joint employer under these circumstances"); *Astrowsky v. First Portland Mortgage Corp.*, 887 F. Supp. 332 (D. Me. 1995) (based on the lack of control over the plaintiff's work, employment agency was not a joint employer); *Mitchem v. Edmond Transit Management, Inc.*, 2012 WL 2370669 (W.D. Okla. 2012) (complaint against city as a co-employer was dismissed because the plaintiff failed to allege that the city exercised significant control over plaintiff's employment); *Williams v. Caruso*, 966 F. Supp. 287, 295-96 (D. Del. 1997) (employment agency was not an employer because it did not play a role in the manner and means by which plaintiff's work was accomplished).

## II. Plaintiff Has Failed to Allege Any Acts by DISYS that Violate Title VII

Even if DISYS were considered a joint employer, the SAC still fails to state a claim against DISYS. The workplace acts and harassing statements are all alleged to have been made by Littlefuse employees, not by DISYS employees. The fact that DISYS is alleged to be a joint employer, however, does not make it liable for acts of the workplace employer. In the recently decided case *Brown v. Cook County*, 2012 WL 6055318 (N.D. Ill. 2012), the court in applying the Family Medical Leave Act, stated "Nowhere in the statute or regulations, however, is it suggested that one employer can or should be held liable for the other employer's adverse employment actions solely because of their joint employer relationship….[T]his court declines to hold that joint employers are necessarily or always liable for each other's adverse employment actions." The *Brown* case is analogous to this case. Nothing in Title VII suggests that joint employers are necessarily liable for the conduct allegedly taken by the other employer.

Cases under Title VII support this principle. In *Neal v. Manpower Intern, Inc.*, 2001 WL 1923127 (N.D. Fla. 2001), the court found that an employment agency, even assuming *arguendo* that it was a joint employer, was not liable for acts of harassment by personnel of the other employer. The court reasoned that there could be no vicarious liability against the agency because it did not have control over the other employer's supervisors who engaged in the harassing conduct. The agency had neither "the opportunity to guard against their misconduct, nor to screen them, train them, and monitor their performance." Id at *9, quoting from *Faragher v. City of Boca Raton*, 524 U.S. 775 at 803. Here, Shah has made no allegation of any facts that would suggest that DISYS wielded any such control as to make it vicariously liable.

Cases involving staffing or employment agencies uniformly state that an agency can only be held liable under a joint employer theory if they "knew or should have known of the discriminatory conduct and failed to take prompt corrective measures within its control." *Medina v. Adecco*, 561 F. Supp. 2d 162, 178 (D.P.R. 2008); *Watson v. Adecco*, 252 F. Supp. 2d 1347, 1356-57 (M.D. Fla. 2003); *Lima v. Adecco*, 634 F. Supp. 2d 394, 400-401 (S.D.N.Y. 2009), *aff'd* 375 Fed. Appx. 54 (2d Cir. 2010). Though it alleges that Shah reported the discrimination to DISYS, the SAC contains no plausible, non-conclusory allegations of corrective measures that DISYS could have, but did not, take. The SAC states only that DISYS knew of the alleged discrimination, and "acted negligently by failing to take appropriate steps to ameliorate the situation." (¶¶75, 87, 99) No further facts are alleged to indicate that it was within DISYS's control to ameliorate the alleged harassment. In *Goodman v. Port Authority*, 850 F. Supp. 2d 363, 387 (S.D.N.Y. 2012), the court addressed a similar allegation claiming discrimination against a joint employer, stating: "Such a bare-boned assertion regarding [defendant's] knowledge of the alleged discriminatory conduct and failure to act does not meet

7

the standard set forth in *Iqbal* and *Twombly*." Despite three attempts, Shah has likewise failed to assert facts that plausibly give rise to liability of DISYS under a joint employer theory.

**III.     Plaintiff Has Failed to State a Claim Against DISYS under 42 U.S.C. §1981**

In the First Cause of Action against DISYS (¶73-84), Plaintiff alleges that DISYS discriminated against him on the basis of race under 42 U.S.C. §1981. For largely the same reasons stated above, the SAC fails to state a claim against DISYS under §1981. In short, the SAC fails to allege any discriminatory conduct that DISYS itself engaged in. Nor has the Plaintiff alleged any facts to show that DISYS is responsible for any discriminatory acts allegedly engaged in by Littlefuse personnel.

Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). It is violated only by intentional discrimination. *General Building Contractors Ass'n v. Pennsyvania*, 458 U.S. 375, 391 (1982). Thus, to state a prima facie claim for discrimination under §1981, a plaintiff must allege "that (1) he is a member of a racial minority; (2) the defendant had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J., Inc.*, 449 F. 3d 751, 756 (7th Cir. 2006), citing *Morris v. Office Max, Inc.*, 89 F. 3d 411, 413 (7th Cir. 1996).

As demonstrated above, Plaintiff has not alleged any direct acts of discrimination at all by DISYS. The SAC does not allege that DISYS made racially insensitive remarks or treated Shah differently in any way from any white persons. Since Shah has shown no acts of discrimination by DISYS, much less that it *intended* to discriminate. Nor has Shah pleaded any direct contractual or employment relationship with DISYS. Consequently, he has pleaded only one of the three prima facie elements, namely, that he is a member of a racial minority.

The only direct allegations against DISYS are that it knew of the discrimination and failed to take steps to ameliorate it. (¶75). That, however, does not constitute intentional discrimination by DISYS. See, *Miller v. Chicago Housing Authority*, 2012 WL 2116190 (N.D. Ill. 2012), which the court held that the plaintiff failed to state claim against the CHA and one of its contractors for alleged acts of discrimination by a subcontractor. Allegations that the CHA and the contractor were aware of discrimination by the subcontractor and did nothing to remedy it failed to establish that the CHA and contractor intended to discriminate against the plaintiff. The §1981 claim was therefore dismissed for failure to state a claim.

Nor has Shah pleaded any facts which would allow a plausible inference that DISYS had control over Littlefuse or was someone vicariously responsible for any alleged acts of Littlefuse's employees. For the reasons stated in Section II above, Plaintiff's conclusory allegations that DISYS is a joint employer are insufficient to state a basis for liability under §1981.

**IV.     The Second Amended Complaint Should be Dismissed With Prejudice**

Plaintiff should not be allowed to continue amending the complaint to state a claim against DISYS. The present complaint is the third version. "Leave to replead need not be allowed in cases of 'repeated failure to cure deficiencies by amendments previously allowed.*"* *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011), citing *Foman v. Davis*, 371 U.S. 178 at 182 (1962). Having already had three chances, there is nothing that Shah could honestly add to the SAC to state a claim against DISYS, so allowing another amendment would be futile and would require the filing of a fourth motion to dismiss. Rather than allow Plaintiff to amend again, the Court should instead dismiss the complaint as to DISYS with prejudice. See *Arlin Golf LLC v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) ("we have no reason to believe

that an amendment would not be futile"); *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663 (7th Cir. 2007).

## CONCLUSION

The additions Plaintiff has made to the FAC and SAC are not sufficient to survive a Motion to Dismiss. Plaintiff has failed to allege any participation in or control by DISYS over the alleged harassment. For all of these reasons, DISYS requests that the counts of the Second Amended Complaint directed against DISYS (Counts IV-VI) be dismissed with prejudice for failure to state a cause of action under Rule 12(b)(6).

Respectfully submitted,

DIGITAL INTELLIGENCE SYSTEMS CORP.

Dated: January 22, 2013　　　　　　By: /s/ William T. McGrath
　　　　　　　　　　　　　　　　　　　　One of its attorneys

William T. McGrath
Kevin A. Thompson
DAVIS McGRATH LLC
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
312-332-3033

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 22nd day of January, 2013. Any other counsel of record will be served by facsimile transmission and/or first class mail.

By: /s/ William T. McGrath